UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MICHAEL BRADLEY,
    Plaintiff,

v.                                               Case No.: 3:25cv2509/TKW/ZCB

U.S. DEPARTMENT OF
VETERANS AFFAIRS,
    Defendants.
_____/

# ORDER

Plaintiff is proceeding *pro se* and *in forma pauperis* in this civil action. The Court is required to screen Plaintiff's complaint (Doc. 1) to determine if it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from immune defendants. *See* 28 U.S.C. § 1915(e)(2)(B). Upon review, it appears Plaintiff's complaint suffers from several pleading deficiencies. Consistent with Eleventh Circuit precedent,[1] Plaintiff will be provided an opportunity to correct these deficiencies by filing an amended complaint.

---

[1] *See Hall v. Merola*, 67 F.4th 1282, 1295 (11th Cir. 2023) ("[B]efore dismissing a complaint, a district court must give a *pro se* party at least one chance to amend the complaint if a more carefully drafted complaint might state a claim.") (cleaned up).

1

## I. The Allegations in the Complaint[2]

Plaintiff's complaint lists the U.S. Department of Veterans Affairs (VA) as the sole Defendant. (Doc. 1 at 1). Plaintiff submitted a Freedom of Information Act (FOIA) request to Defendant "requesting records relevant to his VA claim." (*Id.*). Plaintiff states that Defendant received his request but failed to issue a determination within twenty business days as required by FOIA. (*Id.*). Plaintiff alleges that Defendant's failure to respond is a constructive denial of his request. (*Id.*). Plaintiff states that he has exhausted all administrative remedies. (*Id.*).

Plaintiff claims Defendant violated FOIA, 5 U.S.C. § 552, by failing to disclose the requested records. (Doc. 1 at 1). Plaintiff seeks to compel Defendant to disclose the records and pay attorney's fees and costs. (*Id.*).

## II. Statutory Screening Standard

To survive dismissal at the screening phase, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678

---

[2] Plaintiff's allegations are assumed true at this stage. *DeVillier v. Texas*, 601 U.S. 285, 288 n.1 (2024). And Plaintiff's "pro se pleadings are liberally construed." *Nalco Co. LLC v. Bonday*, 142 F.4th 1336, 1341 (11th Cir. 2025) (cleaned up).

(2009) (internal quotation marks omitted). The plausibility standard is met only where the facts alleged enable "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted).

Whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 678 (internal quotation marks omitted). And "bare assertions" that "amount to nothing more than a formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." *Id.* at 681 (internal quotation marks omitted). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679.

## III. Discussion

**Plaintiff's complaint fails to plausibly allege a FOIA claim.**

"FOIA is a broad disclosure statute which evidences a strong public policy in favor of public access to information in the possession of federal agencies." *Lopez v. United States*, 656 F. App'x 957, 967 (11th Cir. 2016). "Under FOIA, an individual may request public records from an agency, and the agency must provide the records unless the statute exempts the information from disclosure." *Bonilla v. U.S. Dep't of Just.*, 535 F. App'x 891, 892 (11th Cir. 2013). "An agency must decide whether to comply with a request within 20 business days after receiving it." *Id.* (citing 5 U.S.C. § 552(a)(6)(A)(i)). "The agency must immediately notify the requestor of its decision, and, if it denies the request, must state the reason for doing so and inform the requestor of the right to appeal the decision to the head of the agency." *Id.*

"A plaintiff may bring in federal court a private cause of action under the FOIA to enjoin a federal agency that has improperly withheld records." *Thompson v. Dep't of Navy, Headquarters, U.S. Marine Corps.*, 491 F. App'x 46, 48 (11th Cir. 2012). But FOIA "clearly requires a party to exhaust all administrative remedies before seeking redress in the

federal courts." *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994). "Although not a jurisdictional requirement, exhaustion of administrative remedies is a condition precedent to filing a suit in federal court." *Bonilla*, 535 F. App'x at 892.

"FOIA provides for two types of exhaustion, actual and constructive." *Bishins v. United States Sec'y of Health & Hum. Servs.*, No. 24-10008, 2025 WL 2080887, at *7 (11th Cir. July 24, 2025). "Actual exhaustion occurs when the agency denies a party's request, in full or in part, while constructive exhaustion occurs when the agency fails to meet certain statutory requirements." *Id.* "A FOIA claimant constructively exhausts administrative remedies if the agency does not comply with the applicable time limits . . . ." *Id.*

"The Court's jurisdiction under the FOIA depends on the improper withholding of agency records. An agency's obligation to disclose records is not triggered, however, until a proper request has been received." *Kline v. Rettig*, No. 3:21CV1002-LC-HTC, 2022 WL 4001142, at *6 (N.D. Fla. June 29, 2022), *adopted*, 2022 WL 4002900 (N.D. Fla. Sept. 1, 2022). "In other words, for a plaintiff to have exhausted all administrative remedies under the FOIA, a plaintiff must allege the requested

documents are covered by the FOIA, the request complies with the FOIA's regulatory requirements, and the request was sent to the proper address."[3] *Esposito v. Internal Revenue Serv.*, No. 3:23-CV-272-MMH-LLL, 2023 WL 6940249, at *2 (M.D. Fla. Aug. 25, 2023) (collecting cases); *Sykes v. United States*, 507 F. App'x 455, 463 (6th Cir. 2012) (same).

The only allegations in the complaint are: (1) that Plaintiff submitted a "FOIA request . . . to [Defendant] requesting records relevant to his VA claim"; (2) that Defendant "received the request but failed to issue a determination within twenty . . . business days as required by FOIA"; (3) that Defendant's "failure to respond constitutes a constructive denial" of the request; and (4) that Plaintiff "has exhausted all administrative remedies." (Doc. 1 at 1). But these allegations are too conclusory and barebones to plausibly allege a FOIA claim.

---

[3] Dismissal of a FOIA claim for lack of exhaustion is a dismissal for failure to state a claim. *See Thompson v. U.S. Marine Corp.*, 398 F. App'x 532, 535 (11th Cir. 2010) ("[T]he district court properly dismissed Thompson's FOIA claim. However, the district court should have dismissed the FOIA claim pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted, rather than for lack of subject matter jurisdiction: Exhaustion of administrative remedies is not a jurisdictional requirement, but performs a function similar to the judicial doctrine of ripeness by postponing judicial review.") (cleaned up).

First, Plaintiff states in conclusory fashion that Defendant received his FOIA request. (Doc. 1 at 1). But nowhere in the complaint does Plaintiff identify where he sent his request to. Thus, Plaintiff "does not allege he sent the request to the proper address" which is required to state a FOIA claim.[4] *See Kline*, 2022 WL 4001142, at *5 ("[E]ven if the Court were to find Plaintiff's allegations are sufficient, the FOIA claim would still be subject to dismissal because Plaintiff has not shown he sent the FOIA request to the proper address."). If Plaintiff chooses to file an amended complaint, he must identify where his FOIA request was sent.

Second, Plaintiff has not plausibly alleged that "the requested documents are covered by the FOIA" or that his "request complies with the FOIA's regulatory requirements." *Esposito*, 2023 WL 6940249, at *2. Instead, Plaintiff merely alleges that he sent a FOIA request regarding "records relevant to his VA claim" and that Defendant received the request but did not timely respond. (Doc. 1 at 1). But there is no factual

---

[4] *See also Esposito*, 2023 WL 6940249, at *3 ("Plaintiff alleges she mailed the request to the IRS at 4067 Carmichael Road, Jacksonville, Florida, 32207. Absent more information, it is unclear whether this address is the current or proper address for the IRS to receive FOIA requests, and thus the Court cannot determine whether plaintiff sent her request for records through the proper channels.") (citations omitted).

detail regarding what Plaintiff's FOIA request encompassed or how it satisfied the regulatory requirements of a VA FOIA request. Thus, Plaintiff "does not allege that he made a proper FOIA request" or "that the records requested fall within FOIA[.]"[5] *Kline*, 2022 WL 4001142, at *5 (cleaned up); *Alvin v. Hous. & Urb. Dev.*, No. 3:18-CV-826-J-34MCR, 2019 WL 691064, at *3 (M.D. Fla. Jan. 16, 2019) ("Although Plaintiff claims that he made various requests, by phone and mail, for records from HUD over the last two or three years, he fails to indicate whether his former requests were properly submitted under the FOIA . . . ."), *adopted*, 2019 WL 670214 (M.D. Fla. Feb. 19, 2019); *Sykes*, 507 F. App'x at 463 ("The plaintiffs failed to state a claim under the [FOIA] because

---

[5] *See also Esposito*, 2023 WL 6940249, at *4 ("Even if plaintiff sent her request through the proper channels, it is still unclear whether the records requested fall under the FOIA, or whether her request was sufficient to give rise to a duty to disclose. Plaintiff fails to attach a copy of the request for records to the complaint; and further, she fails to allege 1) why she is entitled to access the documents under the FOIA; and 2) whether the form of her request complies with regulatory requirements. For example, plaintiff does not allege that her request was specific enough to clearly and reasonably identify the records sought, nor does she indicate whether she provided the IRS with proof of her identity or why the requested records are not subject to exemption. Put simply, absent more information, the Court is unable to determine whether the requested records fall within the scope of the FOIA or whether her request followed the regulatory requirements set forth by 26 C.F.R. § 601.702(b) giving rise to a duty to disclose.") (citations omitted).

they did not allege that they made a proper FOIA request [or] that the records requested fall within FOIA . . . . Specifically, the plaintiffs did not allege that they complied with 38 C.F.R. §§ 1.550-1.562, the FOIA procedures followed by the Department of Veterans' Affairs.").

At bottom, Plaintiff "has done little more than allege that he submitted FOIA requests and did not receive the documents he requested." *Kline*, 2022 WL 4001142, at *5 (cleaned up). Such barebones allegations, however, are insufficient to plausibly allege a FOIA claim. *Id.* (dismissing FOIA claim for failure to state a claim), *adopted*, 2022 WL 4002900. If Plaintiff files an amended complaint, he must include enough plausible factual allegations to support his FOIA claim or else his claim may be subject to dismissal.

## IV. Conclusion

If Plaintiff decides not to pursue this lawsuit after considering the discussion above, then he may file a notice of voluntary dismissal. If Plaintiff wishes to proceed with this lawsuit, then he must file an amended complaint. When doing so, he should mark the complaint **"Amended Complaint."** Plaintiff must limit his allegations to claims that relate to the same basic incident or issue. He should name as

Defendant(s) only the person(s) who participated in, or are causally connected to, the violation(s) he alleges.

Plaintiff is advised that he must include all of his allegations in the amended complaint. Allegations in a prior pleading that are not set out in the amended pleading are deemed abandoned. *See* N.D. Fla. Loc. R. 15.1(A). After Plaintiff has completed the amended complaint, he should sign it. He should then submit the signed original to the Clerk of Court for filing, and he should keep an identical copy for himself. Plaintiff should not submit service copies of his amended complaint unless and until the Court directs him to do so. Additionally, discovery is premature at this stage of the case, therefore, Plaintiff should not conduct any discovery without the Court's permission.

Accordingly, it is **ORDERED**:

1. Plaintiff has **fourteen days** from the date of this order to file an amended complaint. The amended complaint must be typed or legibly handwritten and marked "Amended Complaint." Alternatively, Plaintiff may file a notice of voluntary dismissal within that time.

2. Plaintiff's failure to comply with an order of the Court will result in a recommendation of dismissal.

**DONE AND ORDERED** this 9th day of December 2025.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge